**Wen Shin LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 01–4113.**

United States Court of Appeals, Second Circuit.

Oct. 29, 2003.

Joshua Bardavid, New York, N.Y. (Theodore N. Cox, on the brief), for Petitioner.

Michael C. James, Assistant U.S. Attorney, for James B. Comey, U.S. Attorney for the Southern District of New York (Kathy S. Marks, Meredith E. Kotler, on the brief), New York, NY, for Respondent.

PRESENT: CALABRESI, KATZMANN, Circuit Judges, and POLLACK,* District Judge.

## SUMMARY ORDER

Petitioner Wen Shin Lin, a citizen of the People's Republic of China, entered the United States without inspection in 1993. He applied for asylum and withholding of removal, claiming past persecution and a fear of future persecution under China's family planning policy. Finding incredible Lin's claims that his wife was forcibly sterilized and that he feared imprisonment and heavy fines if he returned to China, an immigration judge denied his petition for asylum and ordered his removal. The Board of Immigration Appeals (BIA)(a) dismissed his appeal and (b) denied his subsequent Motion to Reopen deportation proceedings. Because petitioner did not timely file a Notice of Appeal of the BIA's affirmance of the IJ's decision, we cannot review that ruling. We, however, can consider the BIA's denial of petitioner's motion to reopen, and, finding an abuse of

discretion, we reverse that denial and remand the case for further proceedings.

### I.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing...." 8 C.F.R. § 3.2(c)(1) (2001). Here, petitioner's proffered new evidence consisted of a new translation of the same sterilization certificate presented at his deportation hearing, and a 2000 affidavit from immigration expert John Aird ("2000 Aird Affidavit"), with exhibits attached, describing China's family planning policies and refuting recent State Department reports on the subject. The BIA found that Lin had "already had an opportunity to present a claim for asylum upon which his motion to reopen is based," and that he alleged no change in circumstances, either in his home country or in his personal situation, that would justify revisiting his claim.

At oral argument, Lin's counsel drew our attention to a recent BIA decision concerning another Chinese asylum-seeker. In that case, *Matter of Weng,* A75 990 618, the petitioner claimed a fear of future persecution under China's family planning policy, due to the birth of her child in the United States. After various proceedings before an IJ and the BIA, the petitioner introduced a 2002 affidavit from Aird ("2002 Aird Affidavit") detailing, *inter alia,* China's policies with respect to children born abroad to Chinese citizens. The BIA

---

* The Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.

construed her submission of the 2002 Aird affidavit as a motion to reopen and granted that motion.

The *Weng* and *Lin* cases do not present identical factual circumstances, nor do the two Aird affidavits contain exactly the same information. However, just as the 2002 Aird Affidavit presented new intelligence regarding China's treatment of children born abroad to Chinese citizens, the 2000 Aird Affidavit also contains new, previously unavailable evidence. Among other things, the 2000 Affidavit provides extensive evidence undermining earlier State Department reports that had suggested a recent relaxation of China's coercive family planning policies, posited negligible consequences for returned unsuccessful asylum-seekers, and expressed doubts about the pervasiveness of enforcement in rural provinces, including Fujian, Lin's home. This evidence is material in that it bears upon the credibility both Lin's claims of past persecution and his fear of future persecution should he be forced to return to China.

■ In opposing Lin's motion to reopen, the government relies in part on the IJ's conclusion that Lin's claims of past persecution were incredible, but in *In re Ming Jua Weng,* the BIA granted the petitioner's motion to reopen despite an IJ's finding that her testimony about her past treatment at the hands of family planning officials lacked credibility. Although the BIA has considerable discretion to deny motions to reopen, a modicum of consistency is required. *See Zhao,* 265 F.3d at 93. Finding such consistency lacking here, we reverse the BIA's denial of Lin's motion to reopen and remand for further proceedings.

## II.

■ Lin also asserts that we have jurisdiction to review the BIA's dismissal of his appeal of the deportation order. Because Lin's deportation proceedings were pending before April 1, 1997, and his final deportation order was entered after October 30, 1996, judicial review of the deportation order is governed by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA)'s transitional rules. Under these rules, a petition for review of a final deportation order must be filed within 30 days. IIRIRA § 309(c)(4)(C), Pub.L. No. 104–208, 110 Stat. 3009, 3009–626 (1996). Lin never filed such an appeal; he merely filed a motion to reopen the deportation proceeding. A petition for review of a final deportation order and a petition for review of a denial of a motion to reopen involve "two separate petitions filed to review two separate final orders," *Zhao,* 265 F.3d at 89 (quoting *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). We have before us Lin's appeal from a denial of his motion to reopen. To consider the underlying merits of Lin's deportation order in this appeal would be to allow Lin to attack the deportation order collaterally. This we cannot do.

Although we cannot directly review the decisions of the IJ and the BIA in Lin's case, we do find that the Board abused its discretion in denying the petitioner's motion to reopen. We therefore REVERSE that denial and REMAND the case to the Board for further proceedings consistent with this order.